*1274 OPINION.
Trammell:
The sole error assigned by the petitioner is that, in computing the deficiencies, “ the Commissioner erred in not including *1275 in the cost of the land sold the correct fair market value as of March 1, 1913, of said land.”
Evidence was offered by both parties respecting the March 1, 1913, value of the petitioner’s cemetery property, and for that purpose, the petitioner classified its land as (1) improved and (2) unimproved, while the respondent classified the land as (1) improved, (2) semi-improved, or that portion which lay immediately contiguous to the improved area at March 1, 1913, and (3) the portion used for farming which was wholly unimproved for cemetery purposes.
Much of the testimony of the witnesses was directed to the question of the value of the unimproved farm land, none of which was sold during the taxable years, and for that reason we have not attempted to fix the value of the latter class at March 1, 1913, nor have we given consideration to the testimony on that point, since it affords no basis for determining the value of the other classes of land sold in the taxable years.
The petitioner offered in evidence, without objection from the respondent, schedules showing the block numbers, area in square feet and sale price of all lands sold in the taxable years. From other evidence of record, we have determined the block numbers which were improved at March 1, 1913, and those which were contiguous or semiimproved. We have accordingly set out in our findings of fact the area in square feet of improved and semiimproved land sold in each taxable year, together with the sale price. It remains only to determine the fair market value of these two classes of land at the basic date.
The petitioner contends that its land fully improved for cemetery purposes had an average fair value on March 1, 1913, of 88 cents per square foot, and submitted evidence in support thereof. We have found that the improved land had a fair market value at the basic date as contended for by the petitioner.
The semiimproved land offers more difficulty in determining its fair value at March 1, 1913, the evidence varying widely on this point. However, from a careful consideration of all the evidence of record we have reached the conclusion, and so found, that this class of the petitioner’s land, sold in the taxable years, had a fair value at the basic date of 40 cents per square foot.
It is shown that during the taxable year 1925 the petitioner made sales of “ special repurchases ” in the amount of $5,425, and in the taxable year 1926 made sales of “ special repurchases ” in the amount of $2,503, no block numbers of the said repurchases being designated, and no evidence being offered to show the state of improvement on March 1,1913, of the land so repurchased and resold. If these lands were originally sold and repurchased prior to March 1, 1913, the basis for computing gain or loss upon their resale in the taxable years *1276 would be the March 1,1913, value, but if they were repurchased subsequent to March 1, 1913, the basis would be cost. On this point we have no evidence, and we will therefore not disturb the action of the respondent.
The deficiencies will be redetermined accordingly.

Judgment will be entered under Bule 50.